JOHNSON & PHAM, LLP
Christopher D. Johnson, SBN: 222698
    E-mail: cjohnson@johnsonpham.com
Christopher Q. Pham, SBN: 206697
    E-mail: cpham@johnsonpham.com
Marcus F. Chaney, SBN: 245227
    E-mail: mchaney@johnsonpham.com
Jason R. Vener, SBN: 267941
    E-mail: jvener@johnsonpham.com
Hung Q. Pham, SBN: 276613
    E-mail: ppham@johnsonpham.com
6355 Topanga Canyon Boulevard, Suite 326
Woodland Hills, California 91367
Telephone: (818) 888-7540
Facsimile: (818) 888-7544

Attorneys for Plaintiff
MOPHIE, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| MOPHIE, INC., formerly known as mSTATION Corporation, a California Corporation,<br><br>            Plaintiff,<br><br>     v.<br><br>CUTE MOBILE INC., a Business Entity of Unknown Status, and DOES 1-10, Inclusive,<br><br>            Defendants. | Case No. 8:15-cv-02086<br><br>**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF:**<br><br>**(1) FEDERAL TRADEMARK INFRINGEMENT [15 *U.S.C.* § 1114/*Lanham Act* § 43(a)]**<br>**(2) FALSE DESIGNATION OF ORIGIN/UNFAIR COMPETITION/FALSE OR MISLEADING ADVERTISING [15 *U.S.C.* § 1125(a)];**<br>**(3) TRADEMARK DILUTION [15 *U.S.C.* § 1125(c)];**<br>**(4) UNFAIR BUSINESS** |

PRACTICES [*CALIFORNIA BUSINESS & PROFESSIONS CODE* § 17200];

(5) FEDERAL COPYRIGHT INFRINGEMENT [17 *U.S.C.* § 501(a)];

(6) FEDERAL DESIGN PATENT INFRINGEMENT [35 U.S.C. § 271]

(7) DECLARATORY RELIEF;

**DEMAND FOR JURY TRIAL**

COMES NOW, Plaintiff MOPHIE, INC., (hereinafter "Plaintiff" and/or "MOPHIE"), hereby alleges as follows:

## PARTIES

1. Plaintiff MOPHIE INC., (hereinafter "Plaintiff" and/or "MOPHIE"), formerly mSTATION Corporation, is now, and was at the time of the filing of this Complaint and at all intervening times, a California Corporation, duly authorized and licensed to conduct business in the state of California, with its principal place of business in Tustin, California.

2. Plaintiff alleges, on information and belief, that Defendant CUTE MOBILE INC. ("Defendant") is now, and was at the time of the filing of this Complaint and at all intervening times, a business entity of unknown status located at 122 Sumida Gardens Lane, Santa Barbara, California 93101.

3. Defendant conducts business in the jurisdiction of the United States District Court for the Central District of California by offering counterfeits goods for sale in Los Angeles, California, that infringe on the registered trademarks, copyrights, and patent of Plaintiff.

4. The true names and capacities, whether individual, corporate, associate or otherwise, of Defendant herein named as DOES 1-10, inclusive, are unknown to Plaintiff. Plaintiff therefore sues said Defendants by such fictitious

names. When the true names and capacities of said Defendants have been ascertained, Plaintiff will amend this pleading accordingly.

5. Plaintiff further alleges that Defendant, and DOES 1-10, inclusive, sued herein by fictitious names are jointly, severally and concurrently liable and responsible with the named Defendant upon the causes of action hereinafter set forth.

6. Plaintiff is informed and believes and thereon alleges that at all times mentioned herein Defendant, and DOES 1-10, inclusive, and each of them, were the agents, servants and employees of every other Defendant and the acts of each defendant, as alleged herein, were performed within the course and scope of that agency, service or employment.

## JURISDICTION/VENUE

7. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338(a) and (b), in that the case arises out of claims for trademark infringement, false designation of origin, unfair competition and dilution under the *Lanham Act* (15 U.S.C. § 1051 *et seq.*), copyright infringement under 17 U.S.C. § 501(a), and patent infringement under 35 U.S.C. § 271; and this Court has supplemental jurisdiction pursuant to 28 U.S.C. §§ 1367(a) and 1338 (a)(b).

8. This Court has personal jurisdiction over Defendant since Defendant has committed the tortious and illegal activities of trademark infringement, copyright infringement, and unfair competition in this district and/or Defendant has sufficient minimum contacts with this district to such that the exercise of jurisdiction over Defendant by this Court does not offend traditional notions of fair play and substantial justice. Among other things, Defendant has advertised, offered to sell, has sold and has directed or sent to consumers within and to this judicial district products that infringe the trademarks of Plaintiff. Defendant has also purposefully offered to sell and actually sold counterfeit products (described

more fully below) using an interactive internet website and knowing or having reason to know that consumers throughout the United States, including within this judicial district, would purchase said counterfeit goods from Defendant, believing that they were authentic goods manufactured and distributed by Plaintiff or its authorized manufacturers.

9. Venue is proper, *inter alia*, pursuant to 28 U.S.C. § 1391(b) because on information and belief, a substantial part of the events or omissions giving rise to the claims occurred in this judicial district, and has caused damages to Plaintiff in this district. The counterfeit MOPHIE-branded product was purchased from California and Defendant purposefully shipped the counterfeit product into California. Defendant's actions within this district directly interfere with and damage Plaintiff's commercial efforts and endeavors and harms Plaintiff's goodwill within this Venue. Additionally, Plaintiff conducts a substantial business within this Venue.

## GENERAL ALLEGATIONS

10. Plaintiff is an award-winning designer and manufacturer of mobile intelligent devices and accessories. MOPHIE is widely recognized and highly acclaimed for its creative and innovative solutions, including the "Mophie Juice Pack" portable battery case certified by Apple, Inc., for use with iPhones. Plaintiff is one of the leading companies in their industry and has gained numerous awards and recognition for its innovative products and designs.

11. Plaintiff continually strives to discover and develop advanced technologies, coupled with trend-setting designs to meet the voracious needs of the consumer electronics industry.

12. Plaintiff has spent substantial time, money and effort in developing consumer recognition and awareness of its marks. Through the extensive use of the Plaintiff's marks, Plaintiff has built up and developed significant goodwill in its entire product line. A wide array of newspapers, magazines and television

networks has included advertising of Plaintiff's products, which are immediately identified by Plaintiff's marks. Plaintiff is the exclusive owner of federally-registered and Common law trademarks. The following is a partial (non-exhaustive) list of the registered trademarks owned by Plaintiff (hereinafter collectively "Plaintiff's Marks"):

    A.    MOPHIE®, Reg. No. 3,227,723, registered April 10, 2007;

    B.    MOPHIE®, Reg. No. 3,949,983, registered April 26, 2011;

    C.    M®, Reg. No. 3,681,444, registered September 8, 2009;

    D.    M®, Reg. No. 3,681,443, registered September 8, 2009;

    E.    MOPHIE JUICE PACK®, Reg. No.: 4,065,937, registered December 6, 2011;

    F.    MOPHIE JUICE PACK AIR®, Reg. No. 4,065,710, registered December 6, 2011;

    G.    MOPHIE JUICE PACK PLUS®, Reg. No. 4,065,942, registered December 6, 2011;

    H.    JUICE PACK®, Reg. No. 4,286,345, registered February 5, 2013;

    I.    JUICE PACK AIR®, Reg. No. 4,286,346, registered February 5, 2013;

    J.    JUICE PACK PLUS®, Reg. No. 4,331,770, registered May 7, 2013;

    K.    JUICE PACK PRO®, Reg. No. 4,331,771, registered May 7, 2013; and

    L.    JUICE PACK HELIUM®, Reg. No. 4,389,544, registered August 20, 2013.

13. Plaintiff is also the holder of numerous international trademarks in the following locations: Canada, New Zealand, India, Philippines, South Korea, Malaysia, Russian Federation, Brazil, Mexico, International Protocol (Madrid

Treaty), European Community, Hong Kong, Japan, Taiwan, Australia, Singapore, Thailand, and the People's Republic of China.

14. Currently, Plaintiff holds federally-registered Copyrights related to and used in connection with the distribution of its MOPHIE–branded products (hereinafter collectively "Plaintiff's Copyrights"), the following is a partial (non-exhaustive) list of the registered copyrights owned by Plaintiff:

    A. "Mophie Juice Pack Plus for iPhone 4 Package and Insert," registration number VA0001780916, registered March 30, 2011.

    B. "Mophie JPA iPhone 4 Package and Insert," registration number VA0001758285, registered December 13, 2010.

    C. "Mophie Juice Pack Plus for iPhone 5 Package and Insert," registration number VA19134140, registered November 20, 2013.

15. Additionally, Plaintiff owns a valid and lawfully issued United States Design Patent, Patent No. US D721,687 S, for the ornamental design for a high capacity banded case for a mobile device ("Plaintiff's Patent").

16. Plaintiff is informed and believes Defendant uses, to name a few, the websites www.mycutemobilestore.com and www.iphonejuicepacks.com to sell and distribute counterfeit MOPHIE-branded products bearing Plaintiff's Marks, Plaintiff's Copyrights, and Plaintiff's Patent.

17. Beginning on a date that is currently unknown to Plaintiff and continuing to the present, Defendant has, without the consent of Plaintiff, offered to sell and sold within the United states (including within this judicial district) goods that were neither made by Plaintiff nor by a manufacturer authorized by Plaintiff (such goods are hereafter referred to as "Counterfeit Goods") using reproductions, counterfeits, copies and/or colorable imitations of one or more of Plaintiff's Marks, Plaintiff's Copyrights, and Plaintiff's Patent. On information and belief, Plaintiff further alleges that Defendant imported said Counterfeit Goods into the United States, or encouraged others to import said Counterfeit

Goods into the United States, for the purpose of reselling the Counterfeit Goods in the United States.

18. Through such business activities, Defendant purposely derived direct benefits from its interstate commerce activities by targeting foreseeable purchasers in the State of California.

19. On January 8, 2015, in its ongoing investigation of counterfeit sales of the Plaintiff's products, Plaintiff's investigator purchased a "Mophie Juice Pack Plus for iPhone 5/5S, Black" from Defendant's website www.mycutemobilestore.com, for a cost of $59.98, shipping inclusive, charged to the PayPal payment account of Plaintiff's investigator. Defendant shipped the item purchased by Plaintiff's investigator into Los Angeles, California and within this Court's jurisdiction. A true and correct copy of the PayPal purchase receipt is attached hereto as **Exhibit "A."**

20. Upon receipt, the "Mophie Juice Pack Plus for iPhone 5/5S, Black" purchased from Defendant was inspected by Plaintiff in Los Angeles, California to determine authenticity. Plaintiff's inspection of the purchased item using security measures confirmed that the item Defendant sold was in fact a counterfeit MOPHIE-branded product.

21. Defendant uses images and names confusingly similar or identical to Plaintiff's Marks to confuse consumers and aid in the promotion and sales of its unauthorized and/or counterfeit products. Defendant uses Plaintiff's Marks, Plaintiff's Copyrights, and Plaintiff's Patent for importing, advertising, displaying, distributing, offering to sell, and/or sell unauthorized and/or counterfeit copies of Plaintiff's MOPHIE®-branded products.

22. Defendant's use began long after Plaintiff's adoption and use of its trademarks, copyrights, and patent, and after Plaintiff obtained the requisite registrations alleged above. Neither Plaintiff nor any authorized agents have consented to Defendant's use of Plaintiff's Marks, Plaintiff's Copyrights, and

Plaintiff's Patent.

23. Defendant's actions have confused and deceived, or threatened to confuse and deceive, the consuming public concerning the source and sponsorship of the counterfeit Juice Pack Plus item sold and distributed by Defendant. By its wrongful conduct, Defendant has traded upon and diminished Plaintiff's goodwill. Furthermore, the sale and distribution of counterfeit goods by Defendant has infringed upon Plaintiff's federally registered trademarks.

24. Defendant's offering to sell, selling, importing and encouraging others to import counterfeit and/or unauthorized goods in this manner was and is likely to cause confusion or to cause mistake and/or to deceive consumers who purchase the counterfeit goods.

25. Defendant also offered to sell, sold, imported, and/or encouraged others to import for purpose of resale within the United States counterfeit goods consisting of reproductions and/or copies of products bearing Plaintiff's Marks. Defendant's use of such Marks was done without Plaintiff's authorization.

## FIRST CAUSE OF ACTION

**(Trademark Infringement Against Defendant CUTE MOBILE INC.,**

**and DOES 1-10, Inclusive)**

**[15 U.S.C. § 1114/*Lanham Act* § 43(a)]**

26. Plaintiff hereby incorporates by reference each of the other allegations set forth elsewhere in this Complaint as though fully set forth in this cause of action.

27. Defendant's actions as described herein constitute direct and/or contributory trademark infringement in violation of 15 U.S.C. § 1114(1)(a).

28. As a proximate result of Defendant's trademark infringement, Plaintiff has been damaged in an amount to be proven at trial. Furthermore, Plaintiff alleges on information and belief that, as a proximate result of Defendant's trademark infringement, Defendant has unlawfully profited in an

amount to be proven at trial.

29. At all relevant times, Defendant acted intentionally and/or willfully in using the Marks on the Counterfeit Goods, knowing that said Marks belonged to Plaintiff, that the Counterfeit Goods were in fact counterfeit, and that Defendant was not authorized to use said Marks on the Counterfeit Goods. Plaintiff is therefore entitled to recovery of treble damages pursuant to 15 U.S.C. § 1117(a). Further, Defendant's knowing, intentional and/or willful actions make this an exceptional case, entitling Plaintiff to an award of reasonable attorney fees pursuant to 15 U.S.C. § 1117(a).

30. Defendant's actions also constitute the use by Defendant of one or more "counterfeit mark" as defined in 15 U.S.C. § 1116(d)(1)(B). Plaintiff therefore reserves the right to elect, at any time before final judgment is entered in this case, an award of statutory damages pursuant to 15 U.S.C. § 1117(c)(1) and/or (2).

31. The acts of direct and/or contributory trademark infringement committed by Defendant have caused, and will continue to cause, Plaintiff irreparable harm unless enjoined by this Court.

## SECOND CAUSE OF ACTION

**(False Designation of Origin, False or Misleading Advertising Against Defendant CUTE MOBILE INC., and DOES 1-10, Inclusive)**

**[15 U.S.C. § 1125 (a)]**

32. Plaintiff hereby incorporates by reference each of the other allegations set forth elsewhere in this Complaint as thought fully set forth in this cause of action.

33. Defendant's actions as described herein constitute direct and/or contributory violation of 15 U.S.C. § 1125(a)(1)(A), as such actions are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of defendant with Plaintiff and/or as to the origin,

sponsorship, and/or approval of such Counterfeit Goods by Plaintiff.

34. As a proximate result of Defendant's violation as described herein, Plaintiff has been damaged in an amount to be proven at trial. Furthermore, Plaintiff alleges on information and belief that, as a proximate result of Defendant's direct and/or contributory trademark infringement, Defendant has unlawfully profited, in an amount to be proven at trial.

35. Defendant's acts of violating, directly and/or contributorily, have caused, and will continue to cause, Plaintiff irreparable harm unless enjoined by this Court.

## THIRD CAUSE OF ACTION

### (Trademark Dilution Against Defendant CUTE MOBILE INC., and DOES 1-10, Inclusive)

### [15 U.S.C. § 1125(c)]

36. Plaintiff hereby incorporates by reference each of the other allegations set forth elsewhere in this Complaint as though fully set forth in this cause of action.

37. Plaintiff's marks are distinctive and famous within the meaning of the *Lanham Act*.

38. Upon information and belief, Defendant's unlawful actions began long after Plaintiff's mark became famous, and Defendant acted knowingly, deliberately and willfully with the intent to trade on Plaintiff's reputation and to dilute Plaintiff's mark. Defendant's conduct is willful, wanton and egregious.

39. Defendant's intentional sale of fake, pirated counterfeit and/or unauthorized items bearing Plaintiff's Marks are likely to cause confusion, mistake, or to deceive, mislead, betray, and defraud consumers to believe that the substandard imitations are genuine products manufactured by Plaintiff. The actions of Defendant complained of herein have diluted and will continue to dilute Plaintiff's marks, and are likely to impair the distinctiveness, strength and value of

Plaintiff's marks, and injure the business reputation of Plaintiff and its marks.

40. Defendant's acts have caused and will continue to cause Plaintiff irreparable harm. Plaintiff has no adequate remedy at law to compensate it fully for the damages that have been caused and which will continue to be caused by Defendant's unlawful acts, unless they are enjoined by this Court.

41. As the acts alleged herein constitute a willful violation of section 43(c) of the *Lanham Act*, 15 U.S.C. section 1125(c), Plaintiff is entitled to injunctive relief as well as monetary damages and other remedies provided by 15 U.S.C. §§ 1116, 1117, 1118, and 1125(c), including Defendant's profits, treble damages, reasonable attorney's fees, costs and prejudgment interest.

## FOURTH CAUSE OF ACTION

### (Unfair Competition Against CUTE MOBILE INC., and DOES 1-10, Inclusive)

[*California Business & Professions Code* § 17200 *et seq.*]

42. Plaintiff hereby incorporates by reference each of the other allegations set forth elsewhere in this Complaint as though fully set forth in this cause of action.

43. Defendant's actions described herein constitute unlawful, unfair and/or fraudulent business acts or practices. Defendant's actions thus constitute "unfair competition" pursuant to *California Business & Professions Code* § 17200.

44. As a proximate result of Defendant's actions, Plaintiff has suffered an injury in fact, including without limitation, damages in an amount to be proven at trial, loss of money or property, and diminution in the value of its trademarks. Plaintiff therefore has standing to assert this claim pursuant to *California Business & Professions Code* § 17204.

45. Defendant's actions have caused, and will continue to cause Plaintiff to suffer irreparable harm unless enjoined by this Court pursuant to *California*

*Business & Professions Code* § 17203. In addition, Plaintiff requests that the Court order that Defendant disgorges all profits wrongfully obtained as a result of Defendant's unfair competition, and order that Defendant pay restitution to Plaintiff in an amount to be proven at trial.

## FIFTH CAUSE OF ACTION

## (Federal Copyright Infringement Against CUTE MOBILE INC., and DOES 1-10, Inclusive)

## [17 U.S.C. § 501(a)]

46. Plaintiff hereby incorporates by reference each of the other allegations set forth elsewhere in this Complaint as thought fully set forth in this cause of action.

47. Plaintiff is the exclusive owner of copyrights in and related to its MOPHIE®–branded products' packaging and insert, having numerous applications relating to the same pending with the United States Copyright Office and possessing copyright registrations with the United States Copyright Office.

48. Defendant did not seek and failed to obtain Plaintiff's consent or authorization to utilize, manufacture, reproduce, copy, display, prepare derivative works, distribute, sell, transfer, rent, perform, and/or market Plaintiff's copyright-protected materials.

49. Without permission, Defendant intentionally and knowingly reproduced, counterfeited, copied, displayed, and/or manufactured Plaintiff's protected works by offering, advertising, promoting, retailing, selling, and distributing counterfeit MOPHIE-branded products contained within product packaging and including inserts which is at a minimum substantially similar to Plaintiff's Copyright protected product packaging.

50. Defendant's acts as alleged herein, constitute infringement of Plaintiff's Copyright, including Plaintiff's exclusive rights to reproduce, distribute and/or sell such protected material.

51. Defendant's knowing and intentional copyright infringement as alleged herein has caused and will continue to cause substantial and irreparable harm to Plaintiff and has and will continue to cause damage to Plaintiff. Plaintiff is therefore entitled to injunctive relief, damages, Defendant's profits, increased damages, and reasonable attorney's fees and costs.

## SIXTH CAUSE OF ACTION

**(Federal Design Patent Infringement Against CUTE MOBILE INC., and DOES 1-10, Inclusive)**

**[35 U.S.C. § 271 et seq.]**

52. Plaintiff hereby incorporates by reference each of the other allegations set forth elsewhere in this Complaint as thought fully set forth in this cause of action.

53. Plaintiff is the owner of a patent with United States Design Patent and Trademark Office, Patent No. US D721,687 S, for the ornamental design for a high capacity banded case for a mobile device.

54. Defendant has infringed and continue to infringe Plaintiff's Patent by using, selling and/or offering to sell, in the United States and/or importing into the United States, Counterfeit Goods which embody the designed covered by the Patent. Defendant's infringing products include all of the ornamental designs in Plaintiff's Patent drawings. By its conduct, Defendant has violated 35 U.S.C. §271 by direct infringement of Plaintiff's Patent.

55. On the basis allege, Defendant has gained profits by virtue of its infringement of Plaintiff's Patent.

56. As a direct and legal result of Defendant's wrongful conduct, Plaintiff has been and will be irreparably and permanently harmed; wherefore Plaintiff is without an adequate remedy at law. Accordingly, Plaintiff is entitled to, among other things, an order enjoining and restraining Defendant from further engaging in the infringement of Plaintiff's Patent.

57. Defendant's infringement of Plaintiff's Patent is and has been willful. Accordingly, Plaintiff is entitled to its monetary damages, in an amount to be proven at trial, and award of treble damages, and its reasonable attorney's fees and costs.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff hereby respectfully requests the following relief against Defendant CUTE MOBILE INC., and DOES 1-10, inclusive, and each of them as follows:

1. For an award of Defendant's profits and Plaintiff's damages in an amount to be proven at trial for trademark infringement under 15 U.S.C. § 1114(a);

2. For an award of Defendant's profits and Plaintiff's damages in an amount to be proven at trial for copyright infringement under 17 U.S.C. § 501(a);

3. For an award of Defendant's profits and Plaintiff's damages in an amount to be proven at trial for false designation of origin and unfair competition under 15 U.S.C. § 1125(a);

4. For an award of Defendant's profits and Plaintiff's damages in an amount to be proven at trial for trademark dilution under 15 U.S.C. § 1125(c);

5. In the alternative to actual damages and Defendant's profits for the infringement of Plaintiff's trademark pursuant to the *Lanham Act*, for statutory damages pursuant to 15 U.S.C. § 1117(c), which election Plaintiff will make prior to the rendering of final judgment;

6. In the alternative to actual damages and Defendant's profits pursuant to 17 U.S.C. § 504(b) for copyright infringement, for statutory damages pursuant to 17 USC § 504(c), which election Plaintiff will make prior to the rendering of final judgment;

7. For restitution in an amount to be proven at trial for unfair, fraudulent and illegal business practices under *Business & Professions Code* § 17200;

8. For an award of Plaintiff's damages and Defendant's profits adequate to compensate Plaintiff for Defendant's patent infringement, and in no event less than a reasonable royalty rate, including all pre-judgment and post-judgment interest as the maximum rate permitted by law;

9. For an award of all damages, including treble damages, based on any patent infringement found to be willful, pursuant to 35 U.S.C. § 284, together with prejudgment interest;

10. For an award of all profits, pursuant to 35 U.S.C. § 289 together with prejudgment interest;

11. For preliminarily and permanently enjoining Defendant and its agents, employees, officers, directors, owners, representatives, successor companies, related companies, and all persons acting in concert with or in participation with, and each of them, from:

    a. The import, export, making, manufacture, reproduction, assembly, use, acquisition, purchase, offer, sale, transfer, brokerage, consignment, distribution, storage, shipment, licensing, development, display, delivery, marketing, advertising or promotion of the counterfeit MOPHIE product identified in the Complaint and any other counterfeit and/or unauthorized MOPHIE product (including any non-genuine reproduction, counterfeit, copy or colorable imitation thereof).

    b. The import, export, making, manufacture, reproduction, assembly, use, acquisition, purchase, offer, sale, transfer, brokerage, consignment, distribution, storage, shipment, licensing, development, display, delivery, marketing, advertising or promotion of the infringing and diluting product identified in the Complaint and any other product which infringes or dilutes any of Plaintiff's Marks, trade name and/or trade dress, Plaintiff's Copyrights, and/or Plaintiff's Patent.

    c. The unauthorized use, in any manner whatsoever, of any

Plaintiff's Marks, trade name and/or trade dress, Plaintiff's Copyrights, and/or Plaintiff's Patent, any variants, colorable imitations, translations, and/or simulations thereof and/or any items that are confusingly similar thereto, including specifically:

      i.      On or in conjunction with any product or service; and

      ii.      On or in conjunction with any advertising, promotional materials, labels, hangtags, packaging, or containers.

    d.    The use Plaintiff's Marks, Plaintiff's Copyrights, and/or Plaintiff's Patent, trade name or trade dress that falsely represents, or is likely to confuse, mislead, or deceive purchasers, customers, or members of the public to believe that unauthorized product imported, exported, manufactured, reproduced, distributed, assembles, acquired, purchased, offered, sold, transferred, brokered, consigned, distributed, stored, shipped, marketed, advertised and/or promoted by Defendant originates from MOPHIE, or that said merchandise has been sponsored, approved, licensed by, or associated with MOPHIE or is, in some way, connected or affiliated with MOPHIE.

    e.    Engaging in any conduct that falsely represents that, or is likely to confuse, mislead, or deceive purchasers, customers, or members of the public to believe that Defendant is connected with, or are in some way sponsored by or affiliated with MOPHIE, purchases product from or otherwise have a business relationship with MOPHIE.

    f.    Affixing, applying, annexing, or using in connection with the manufacture, distribution, advertising, sale, and/or offering for sale or other use of any goods, a false description or representation, including words or symbols, tending to falsely describe or represent such goods as being those of MOPHIE.

    g.    Hiding, disposing of, destroying, moving, relocating or transferring any and all products, advertising, promotional materials, labels, hangtags, packaging or containers bearing any of Plaintiff's Marks, Plaintiff's

Copyrights, and/or Plaintiff's Patent; and/or

  h. Disposing of, destroying, moving, relocating or transferring any documents or things, including electronic records, pertaining to the purchase, procurement, development, making, manufacture, use, display, advertisement, marketing, licensing, sale, offer for sale, distribution, shipping, or delivery of any products or services bearing any of Plaintiff's Marks, Plaintiff's Copyrights, and/or Plaintiff's Patent.

 12. Pursuant to 15 U.S.C. § 1116(a), directing Defendant to file with the Court and serve on MOPHIE within thirty (30) days after issuance of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

 13. For an order from the Court requiring that Defendant provide complete accountings and for equitable relief, including that Defendant disgorge and return or pay their ill-gotten gains obtained from the illegal transactions entered into and or pay restitution, including the amount of monies that should have been paid if Defendant's complied with its legal obligations, or as equity requires;

 14. For an order from the Court for an asset freeze or constructive trust be imposed over all monies and profits in Defendant's possession or control which are related to its activities of trademark infringement, copyright infringement, and/or patent infringement of Plaintiff's intellectual properties;

 15. Pursuant to 15 U.S.C. § 1118 and 17 U.S.C. § 503 requiring that Defendant and all others acting under Defendant's authority, at their cost, be required to deliver up to MOPHIE for discretionary destruction of all products, accessories, labels, signs, prints, packages, wrappers, receptacles, advertisements, and other material in their possession, custody or control bearing any of Plaintiff's Marks, Plaintiff's Copyrights, and/or Plaintiff's Patent;

 16. For treble damages suffered by Plaintiff as a result of the willful and

intentional infringements engaged in by Defendant pursuant to 15 U.S.C. § 1117(b);

17. For damages in an amount to be proven at trial for unjust enrichment;

18. For an award of exemplary or punitive damages in an amount to be determined by the Court;

19. For Plaintiff's reasonable attorney's fees;

20. For all costs of suit;

21. For such other and further relief as the Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff MOPHIE, INC., respectfully demands a trial by jury in this action.

DATED: December 16, 2015     JOHNSON & PHAM, LLP

By: /s/ Christopher Q. Pham
Christopher D. Johnson, Esq.
Christopher Q. Pham, Esq.
Marcus F. Chaney, Esq.
Hung Q. Pham, Esq.
Attorneys for Plaintiff
MOPHIE, INC.